CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* FOWLER.

4-2776

Opinion delivered December 12, 1932.

*Thos. S. Buzbee, H. T. Harrison* and *Edward L. Wright,* for appellant.

*D. M. Halbert,* for appellee.

McHANEY, J. Appellees sued, and recovered judgment against appellant in the sum of $210 damages, $210 penalty and $50 attorney's fee on account of the killing of a mule owned by them by the operation of a passenger motor car by appellant. At the conclusion of the testimony, appellant requested the court to direct a verdict in

its favor, which was refused, and this is the only assignment of error we find it necessary to consider, as we are of the opinion the request should have been granted.

Only two witnesses testified to the circumstances and conditions attending the killing of the mule, Tom Harris, for appellees, and C. L. McDonald, appellant's engineer on the electric motor car, for appellant. Harris testified on cross-examination that he saw the mule killed while sitting on his front porch, about five or six hundred feet from the point of the accident; that the ringing of the bell and blowing of the whistle attracted his attention; that his house is on the west side of the track, and the motor car was going south; that he heard the bell and whistle, looked up and saw the mule struck, but did not see where it came from; could have seen it had it been on the track; that the motor car was running fifteen or twenty miles per hour when it struck the mule; and that there was a pile of stacking strips alongside of the loading track, parallel to the passenger track, about as high as his head. McDonald, the engineer, testified that, as he was coming into the village of Link, running at about 50 miles per hour, and keeping a constant lookout, he saw the mule come running out from behind a pile of strips in an old lumber yard toward the track; that he immediately started the automatic bell ringing and the whistle working; that the mule was thirty or forty feet from the track when he saw him at a distance of about 300 feet; that he shut off the power, applied the brakes and had slowed down to about 15 miles per hour when the corner of the motor struck the mule on the rump; that the mule never did get on the track, but ran up to it and turned back just as the car struck it; that it was a clear day, and the track was straight; and that he did everything possible to avoid the collision.

This testimony stands undisputed. There is no conflicting evidence, and there is no internal conflict, contradiction or controversy therein. Of course, the mule being killed by the operation of a train, the statute makes appellant *prima facie* negligent, but this presumption is

overcome when evidence contradicting such inference is offered by the railroad company, and the presumption thereafter cannot be considered as evidence by the jury. *St. L. S. F. Ry. Co.* v. *Cole,* 181 Ark. 780, 27 S. W. (2d) 992.

We think the undisputed testimony of McDonald, which was corroborated by Harris, shows that everything was done that was reasonably possible to avoid the accident, and that appellant was not negligent in any respect. The case is therefore ruled by the recent case of *St. L. S. F. Ry. Co.* v. *Harmon,* 179 Ark. 248, 15 S. W. (2d) 310, where a great many of the former cases are collected and cited, and by the Cole case, *supra.*

The learned trial court should have directed a verdict for appellant. The case will therefore be reversed, and, as it appears to have been fully developed, the cause will be dismissed. It is so ordered.