MISSOURI PACIFIC RAILROAD COMPANY *v.* ROSS.

4-5651                                           133 S. W. 2d 29

Opinion delivered November 13, 1939.

*R. E. Wiley* and *Richard M. Ryan,* for appellant.
*Glover & Glover,* for appellee.

McHANEY, J. Appellee was, on July 28, 1938, working as a carpenter for the Lund-Buxton Engineering Company, hereinafter called the contractor, and was engaged in constructing forms to be used in the repair of the Main street crossing on the tracks of appellant in the city of Malvern, Arkansas, for which purpose the

contractor had been employed by it. The forms being built by appellee were to be used in the pouring of concrete, and a concrete mixer was operating near by, making a great deal of noise. Platforms were laid across the tracks, over which to roll wheelbarrows in going to and from the mixer, and it was necessary to remove same when a train or an engine approached to pass over said crossing. A switch engine had been operating in the yards at Malvern that morning, south of the Main street crossing, and sometime during the morning, it backed up from the south to the north, pulling a boxcar attached to the front end of the engine, to pass over the Main street crossing, and, while doing so, struck and injured appellee.

He brought this action against appellant and the contractor to recover damages for the alleged injuries sustained by him. The negligence laid against appellant was failure to keep a lookout, operating at a dangerous rate of speed over said crossing, and failure to give the statutory signals. Negligence was also charged against the contractor, but before the trial began, a nonsuit was taken as to the contractor and a covenant not to sue executed and delivered to it. Appellant's defense was a general denial, a plea of contributory negligence and negligence of the contractor. Appellant excepted to the action of the court in allowing a nonsuit in favor of its co-defendant, the contractor. Trial resulted in a verdict and judgment against appellant in the sum of $1,700, hence this appeal.

Among other assignments of error presented and argued for a reversal of this judgment is instruction No. 1, given at appellee's request, over the objections and exceptions of appellant. This instruction reads as follows: "You are instructed that if you find from a preponderance of the evidence in this case that the plaintiff was injured by the operation of one of the trains of the defendant, Guy A. Thompson, trustee for the Missouri Pacific Railroad Company, as alleged in the complaint, that the law presumes negligence on the part of the defendant company, and it will be your duty, and you

are instructed to find for the plaintiff, unless the defendant has overcome that presumption by a preponderance of the evidence."

The giving of this instruction was error in this case. *St. Louis-San Francisco Ry. Co.* v. *Cole,* 181 Ark. 780, 27 S. W. 2d 992; *C. R. I. & P. Ry. Co.* v. *Fowler,* 186 Ark. 682, 55 S. W. 2d 75; *Mo. Pac. Rd. Co.* v. *Beard,* 198 Ark. 346, 128 S. W. 2d 697; *Mo. Pac. Rd. Co.* v. *Dalby, ante,* p. 49, 132 S. W. 2d 646. The effect of all these cases is, as said in the Cole case, *supra,* that: "Under the constitution placed upon statutes like ours (§ 11138, Pope's Digest), the presumption of negligence is at an end when the railroad company introduces evidence, to contradict it, and the presumption cannot be considered with the other evidence, because to do this would, as stated by the Supreme Court of the United States, be unreasonable and arbitrary, and would violate the due process clause of the Fourteenth Amendment." If the presumption "is at an end when the railroad company introduces evidence to contradict it and if it cannot be considered with the other evidence" in such cases, it has no place therein. It is conflicting with other instructions, properly placing the burden of proving negligence on the plaintiff, appellee here, and is, therefore, prejudicial. Here, appellant's fireman testified, not only that the bell was ringing and that he was keeping a lookout to the rear as the engine backed up, he being on the same side appellee was on, but that he saw appellee in a place of safety, several feet off the track, and that, as the engine backed up at a rate of speed of three or four miles per hour, he saw appellee rise and start toward the track and step in the path of the moving engine; that he called to the engineer who stopped the engine as soon as possible. This testimony was sufficient, if believed by the jury, to absolve appellant from all charges of negligence. It certainly did away with, blotted out and made nugatory the statutory presumption of negligence, which, thereafter, had no place in this case.

Other assignments are argued for a reversal of the judgment, including the sufficiency of the evidence to

■■■■■■■■■■■■■■■■

support the verdict and judgment, and alleged error of the court in allowing a nonsuit as to the contractor, all of which we have considered and find them without substantial merit. We do not review the evidence to show that it was sufficient to take the case to the jury. On another trial, it may be different, and the other alleged errors may not occur again.

For the error indicated, the judgment is reversed, and the cause remanded for a new trial.