Jack MARTIN D/B/A YOUNG'S IRON COMPANY
*v.* Richard YOUNG

CA 85-388                                                    705 S.W.2d 445

Court of Appeals of Arkansas
Division I
Opinion delivered March 12, 1986

*Gary Vinson*, for appellant.

*Joseph Philip James*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. On February 18, 1985 the administrative law judge entered an order finding that Jack Martin D/B/A Young's Iron Company had more than three employees and was subject to the Arkansas Workers' Compensation Act when Richard Young received a compensable injury during the course of his employment. The order directed appellant to pay all accrued benefits and an attorney's fee. A copy of this order was sent to appellant by certified mail on March 8, 1985.

After more than thirty days expired from the date of the mailing of that order the appellee caused an execution to be issued on the money award. On April 23, 1985 the appellant filed a notice of appeal to the full Commission and a petition alleging that he did not have three or more employees at the time of the injury and that the Commission was therefore without jurisdiction. He further alleged that he had never received notice of injury, the filing of the claim, or the hearing, and prayed an order setting aside the order of the administrative law judge and affording him an opportunity to appear and present evidence in opposition to the claim.

He further argued that he had not received a copy of the order of the administrative law judge until he had been served with the writ of execution on March 27, 1985, and that the order appealed from did not become final until thirty days after he had received a copy of it. Ark. Stat. Ann. § 81-1325 (a) (Supp. 1985). The Commission incorporated the entire file and testimony at the hearing for the purposes of reviewing the motion. It found that the notice of the claim and fifteen day response letter was sent to the employer on December 4, 1984, at his correct address, and were not returned. It found that notice of the February 13, 1985 hearing was sent by certified mail and returned unclaimed, but

that there was no indication that the postal service failed to notify the employer of the mailing or that the certified mail hearing notice had not been tendered to the appellant. The Commission further found that a copy of the February 18, 1985 opinion was sent to the appellant at his correct address by certified mail on March 8, 1985. It found that the return receipt bore no signature but that the opinion had not been returned to the Commission undelivered. The Commission found that these mailings created a presumption that appellant did receive the documents mailed to him and concluded:

> The employer contends that he did not receive notice of the filing of the claim, the hearing, or copy of the order until execution was served on him. To believe this we must adopt the position that the U. S. Postal Service failed or refused to deliver duly stamped and addressed mailings on at least four separate occasions. We are not persuaded that the mailings sent to the respondent were never delivered.

When a letter properly addressed and stamped is shown to have been mailed, there is a presumption of fact that the letter was received by the addressee in due course. This presumption, however, ceases where the addressee denies having received the letter, whereupon it becomes a question of fact whether the letter was written or received. *Old Republic Ins. Co.* v. *Martin*, 229 Ark. 1064, 320 S.W.2d 266 (1959).

On appellate review of workers' compensation cases the evidence is reviewed in the light most favorable to the findings of the Commission and given its strongest probative value in favor of its order. The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding. The extent of our inquiry is to determine if the finding of the Commission is supported by substantial evidence. Even where a preponderance of the evidence might indicate a contrary result, we will affirm if reasonable minds could reach the Commission's conclusion. *Bearden Lumber Co.* v. *Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983).

Although the appellant denied receiving notice of injury or notice of claim, there was evidence it had been mailed to him at an address at which he received his mail. There was evidence adduced at the February 13, 1985 hearing, and in

support of the motion to dismiss the notice of appeal, that appellant had independent knowledge of these events.

Although the appellant denied having received the notice of hearing before the administrative law judge, there was evidence from two witnesses that they saw a letter from the Workers' Compensation Commission, with a "green card" attached, on appellant's desk prior to that hearing. The fact that it was subsequently returned to the Commission does not negate the Commission's finding that there was no indication that it had not been tendered to him and he chose to reject and ignore it. Nor does the fact that the return receipt attached to the certified mailed copy of the administrative law judge's opinion establish that it was not received by the appellant. When all the facts and circumstances are considered we cannot conclude that reasonable minds could not reach the conclusion that the order appealed from had been mailed and was received more than thirty days before the notice of appeal and petition were filed.

Appellant finally contends that the administrative law judge's finding that appellant had more than three employees at the time of the injury is not supported by substantial evidence. In view of our conclusion that the appeal from that order was untimely, we do not address that issue.

Affirmed.

GLAZE and COOPER, JJ., agree.