Debra I. HUBLEY *v.* BEST WESTERN-GOVERNOR'S
INN

CA 95-381                                    916 S.W.2d 143

Court of Appeals of Arkansas
Division II
Opinion delivered March 6, 1996
[Petition for Rehearing denied April 17, 1996.]

*Gary Eubanks & Associates*, by: *James Gerard Schulze*, for appellant.

*Friday, Eldredge & Clark*, by: *J. Michael Pickens*, for appellee.

WENDELL L. GRIFFEN, Judge. Debra Hubley has appealed from the December 14, 1994, decision of the Workers' Compensation Commission denying her claim for workers' compensation benefits for treatment of complaints with her mouth and jaw that she alleges were caused by a compensable injury on April 3, 1992. The Commission denied appellant's claim for treatment of temporomandibular joint pain and held that appellant had failed to prove by a preponderance of the evidence that her temporomandibular joint pain was caused by the cervical sprain injury that she sustained from an automobile accident that arose out of her employment. Appellant argues on appeal that the Commission's decision is not supported by substantial evidence. We agree. Therefore, we reverse the Commission and remand the case to it for further consideration.

On April 3, 1992, appellant was involved in an automobile accident while returning to her workplace from a work-related meeting. She was taken from the accident scene by ambulance to a hospital, and was treated for injuries to her head, neck, and back, before being released to her home later that day. Over the next several days appellant obtained additional medical care due to headaches and muscle spasms in her back and neck. About a week after the accident, she began to experience pain in her

mouth and cheek area. She learned that she had a broken tooth. The tooth was removed, and the dentist who removed it noticed that her jaw seemed out of alignment. He referred appellant to another dentist, Dr. Shelby Woodiel, who diagnosed appellant's condition as a musculoskeletal dysfunction with referred pain to the temporomandibular joint (TMJ) area. Dr. Woodiel prescribed a temporary orthotic, and opined that appellant would either need to undergo orthodontic treatment or would need to have overlays made for her teeth so that her jaws would be in proper position if the temporary orthotic failed to correct appellant's condition. Appellee refused to pay the cost of Dr. Woodiel's treatment, and all other expenses related to her mouth and jaw complaints. An administrative law judge held an evidentiary hearing January 24, 1994, and held that appellant's dental complaints were compensable. Appellee appealed that decision to the Commission, which reversed the administrative law judge in a split decision.

Appellant's sole contention on appeal is that there is no substantial evidence to support the Commission's finding that Dr. Woodiel was not qualified to render an opinion on the causation of TMJ pain. The Commission made that finding while concluding that appellant failed to prove by a preponderance of the evidence that her TMJ complaint was caused by the compensable injury. Appellant mounts a direct challenge to the Commission's finding regarding Dr. Woodiel's lack of qualifications to opine concerning the causes of her TMJ pain. Appellee argues that the Commission's ruling was proper because the Commission had evidence before it from two other dentists, Dr. Frederick McFall and Dr. J.R. Graham, who opined that appellant's complaints were not caused by the compensable accident. Our decision to reverse is not based on this argument concerning Dr. Woodiel's qualification to render opinion testimony. Instead, we hold that the finding that appellant failed to prove that her TMJ complaint was caused by the compensable injury is not supported by substantial evidence.

The substantial evidence test applicable for judicial review of a Commission decision means that the Commission should not be reversed unless it is clear that fair-minded persons could not have reached the same result if presented with the same facts. *Lepard* v. *West Memphis Mach. & Welding*, 51 Ark.

App. 53, 908 S.W.2d 666 (1995). The Commission has broad discretion in deciding to admit evidence, and its decision will not be reversed without a showing of abuse of discretion. *Kendrick* v. *Peel*, 32 Ark. App. 29, 795 S.W.2d 365 (1990). We have also stated that the Commission has the authority to accept or reject medical opinion, and the authority to determine its soundness and probative force. *Jordan* v. *Tyson Foods, Inc.*, 51 Ark. App. 100, 911 S.W.2d 593 (1995). This includes the duty of weighing conflicting medical evidence. When that evidence is conflicting and the Commission chooses to accept the testimony of one physician over another, we are without power to reverse the decision unless substantial evidence is lacking. *Whaley* v. *Hardee's*, 51 Ark. App. 166, 912 S.W.2d 14 (1995).

■ The substantial evidence standard of appellate review means that we must affirm the Commission if fair-minded people could have reached the same result after reviewing the evidence in the light most favorable to the result that the Commission reached (i.e., that appellant's TMJ discomfort and the treatment for it were not caused by the compensable injury). In reaching that decision, the Commission concluded that " . . . there is no opinion from a medical practitioner suggesting that the cervical injury is responsible for the claimant's dental or temporomandibular joint problems, and there is no suggestion in the medical records that a medical practitioner has ever suspected such a relationship." While the Commission made a passing reference to the fact that Dr. Edwin Barron, a medical doctor, had been appellant's treating physician for her cervical and low back complaints, and that his records noted tenderness over the temporomandibular joint, the Commission failed to mention that Dr. Barron never retracted his opinion that appellant's TMJ pain and loosened gold crown was "possibly secondary to the MVA [motor-vehicle accident]." This error is prejudicial, particularly given the Commission's double-standard analysis of the opinion evidence from Dr. Woodiel, Dr. McFall, and Dr. Graham, three dentists whose opinions were given the greatest scrutiny.

The Commission's decision cannot be sustained when we consider that Dr. Woodiel's conclusion and Dr. Barron's initial impression are consistent. Dr. Woodiel opined that although appellant definitely had pre-existing periodontal disease that

could have been the cause of her pain, the stress of the muscle spasm associated with her cervical strain triggered the onset of her TMJ symptoms. That opinion was not contradicted by any medical doctor despite the fact that the Commission states that medical opinion evidence would have been important to determine causation. Instead, the Commission reasoned as follows:

> Consequently, Dr. Woodiel's opinion is based on his evaluation and assessment of the physical injury to the claimant's cervical spine. However, Dr. Woodiel is a dentist and we are aware of no authority which suggests that the practice of dentistry includes the examination, diagnosis, and treatment of physical injuries to areas other than the oral cavity, teeth, gingivae, and jaw. *See, e.g.*, Ark. Code Ann. § 17-82-191 (1987). Instead, it is commonly accepted that the examination, diagnosis, and treatment of physical injuries to other areas of the body, such as the cervical spine, is limited to those licensed to practice in such areas such as medicine, chiropractic, and osteopathy. *See* Ark. Code Ann. § 17-93-201 & 17-93-202 (1987). There simply is no evidence in the record establishing that Dr. Woodiel, as a dentist, is qualified to render an opinion regarding medical matters such as cervical strains and cervical muscle spasms. Such matters may affect dental conditions, and, when this occurs, the evaluations and opinions of medical practitioners may be important in determining causation.

> In the present claim, there is no opinion from a medical practitioner suggesting that the cervical injury is responsible for the claimant's dental or temporomandibular joint problems, and that there is no suggestion in the medical records that a medical practitioner has ever suspected such a relationship.

(Appellant's Abstract, pages 12-13.)

The Commission's analysis was both factually inaccurate and logically flawed. As mentioned earlier, Dr. Barron, a medical doctor, had suggested that appellant's TMJ difficulties were secondary to the injuries received in the automobile accident. Dr. Barron had the very credentials that the Commission professed to find credible on the issue. His was the only medical opinion

addressed to this question, and was not refuted by another medical doctor.

Even if we accept the Commission's reasoning about the relative probative value to be given to testimony from medical doctors versus dentists on this issue (a conclusion that we do not affirm), we may not ignore the plain failure by the Commission to consistently apply its own standard for evaluating the evidence. The opinion by Dr. Woodiel was deemed lacking in probative weight because he is a dentist; the opinions of Doctors McFall and Graham were given more weight despite the fact that they too are dentists, and had never examined appellant. The logical fallacy in that analysis is self-evident. If one multiplied by zero equals zero in the case of Dr. Woodiel, then two times zero cannot be more than zero in the case of the opinions by Doctors McFall and Graham. The Commission's decision demonstrates the sort of arbitrary reasoning that the substantial evidence rule was never intended to insulate from judicial review, and that compels that its decision be reversed.

Additional proof that the Commission's decision must be reversed arises from its view that appellant's condition could not be compensable because, as stated in the Commission's opinion:

> Dr. Woodiel could not say that this problem was a *direct* result of the compensable injury. In this regard, his testimony suggests that the pain is actually caused by other causes, such as structural abnormalities including the crowding of the lower anterior teeth, flaring of the upper anterior teeth, inclination on lower posterior tooth, a high roof, and evidence of uneven stress on teeth. Dr. Woodiel testified that any of these conditions, as well as the gum disease, could be the cause of the claimant's pain, although he concludes that the stress of the cervical muscle spasm triggered the onset of the symptoms. Interestingly, although Dr. Woodiel asserts that these problems are the result of the cervical muscle spasm, he also asserts that orthodontic treatment and the restructuring of the overlays is needed for treatment of the problem.

(Appellant's abstract, pages 13-14, emphasis added.)

Appellant was examined in the emergency room on the day

the accident occurred, and no acute discomfort to the temporomandibular joint was detected by the treating physicians during that examination. Ten days later (April 13, 1992), appellant was examined by Dr. Barron as a follow-up. Dr. Barron, a medical doctor, noted that she had tenderness in the temporomandibular joint on the left. He opined that appellant had a gold crown that was loosened, possibly due to the motor vehicle accident. Afterwards, appellant consulted Dr. Woodiel who concluded that she had substantial gum disease that predated the compensable injury which could have contributed to her problems. Although Dr. Woodiel could not state whether all of appellant's TMJ complaints had been caused by the compensable injuries sustained in the automobile accident, he did opine that had those conditions been present when the accident occurred they would have been "greatly aggravated" by the accident.

Proof of causation in workers' compensation cases does not require medical certainty. *Gencorp Polymer Products v. Landers*, 36 Ark. App. 190, 820 S.W.2d 375 (1991).[1] And we have held that if the original injury is compensable, every natural consequence from it is also compensable. *McDonald Equipment Co. v. Turner*, 26 Ark. App 264, 766 S.W.2d 936 (1989). Here there was proof from Dr. Barron that the compensable cervical strain produced muscle spasms that resulted in appellant's TMJ complaints, possibly in conjunction with other pre-existing conditions according to Dr. Woodiel. Since it is well-settled that the aggravation of a pre-existing non-compensable condition by a compensable injury is, itself, compensable, we must also reverse the Commission's decision because it is based on the erroneous view that appellant's TMJ condition could not be compensable because there were other possible causes for it. *See Beardon Lumber Co. v. Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983).

To avoid being arbitrary, the Commission should have analyzed the evidence to determine whether the appellee produced any proof to counter the opinion by Dr. Barron that appellant's

---

[1] This proposition was legislatively changed for all injuries that occur after July 1, 1993, by virtue of Act 796 of 1993, Section 2, which is modified as Ark. Code Ann. Section 11-9-102(16)(Supp. 1995). Appellant's injury occurred April 3, 1992, so the legislative amendment does not apply to it. *See also*, Acts 1993, No. 796, Section 41.

condition was possibly caused by the compensable automobile accident. If appellee failed to produce that evidence, then appellant's proof constituted the only proof on the critical issue. The opinions of Doctors McFall and Graham could not supply the missing proof for appellee, however, because they are dentists and, according to the Commission, are unqualified to render a credible opinion on the existence or non-existence of a causal relationship between a medical condition (appellant's cervical strain and associated muscle spasm) and her TMJ symptoms.

Therefore, we reverse the Commission's decision denying the compensation benefits sought by appellant, and remand the case to the Commission for further consideration in light of this opinion. Reversed and remanded.

JENNINGS, C.J., and ROBBINS, J., agree.