Louis Albert WEAVER III *v.* WHITAKER FURNITURE CO., Inc.

CA 96-94 935 S.W.2d 584

Court of Appeals of Arkansas
En Banc
Opinion delivered December 23, 1996
[Petition for rehearing denied January 22, 1997.]

*The Cortinez Law Firm, P.A.*, by: *Robert S. Tschiemer*, for appellant.

*Matthews, Sanders & Sayes*, by: *Margaret M. Newton* and *Gail O. Matthews*, for appellee.

JOHN F. STROUD, JR., Judge. Louis Albert Weaver III was working for Whitaker Furniture Company, Inc., on October 28, 1993, when he stepped down from a forklift and fell. He continued to work until his supervisor asked about his arm about four hours later. That afternoon he was sent to Dr. C. W. Koch, Jr., who determined that he had fractured his elbow. Before leaving Dr. Koch's office, appellant gave a urine sample that was forwarded for testing. The laboratory analysis revealed the presence of cannabinoids. A second urine sample, taken two weeks later, had no detectable level of cannabinoids.

Whitaker Furniture contended that appellant's injury was drug-related and contested his claim for workers' compensation benefits. The administrative law judge denied the claim, finding that the preponderance of the evidence failed to show that the claimant had sustained a compensable injury within the meaning of Act 796 of 1993. The Workers' Compensation Commission affirmed and adopted the decision of the law judge after conducting a *de novo* review. On appeal Mr. Weaver contends that the Commission's opinion is not supported by substantial evidence and is erroneous as a matter of law. We disagree and affirm.

Under our prior workers' compensation law, there was a *prima facie* presumption that an injury did not result from intoxication of the injured employee while on duty. *See* Ark. Code Ann. § 11-9-707(4) (1987). Act 796 of 1993, however, changed that presumption so that it now reads as follows:

> The presence of alcohol, illegal drugs, or prescription drugs used in contravention of a physician's orders shall create a rebuttable presumption that the injury or accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders. . . . An employee shall not be entitled to compensation unless it is proved by a preponderance of the evidence that the alcohol, illegal drugs, or prescription drugs utilized in contravention of the physician's orders did not substantially occasion the injury or accident.

Ark. Code Ann. § 11-9-102(5)(B)(iv) (Repl. 1996).

In the case before us, the Commission's opinion included the following discussion of appellant's burden of proof in overcoming the rebuttable presumption that his injury was substantially occasioned by the use of illegal drugs:

> [I]n determining whether the presumption has been overcome, the results of objective testing and the clear and consistent opinions of experts cannot be overlooked. Additionally, while some accidental injuries might occur with little possible relationship to intoxication, a slip and fall type injury is of the type which could be influenced by the effect of the forbidden substances. Moreover, the record does not reveal whether the other persons who allegedly did not notice intoxication possessed any special training for making such assessments.

> Thus, it cannot be said that the claimant has overcome the statutory presumption and proved entitlement to benefits without impermissibly giving him the benefit of the doubt or resorting to conjecture and speculation on his behalf.

Both appellant and a co-worker testified that appellant slipped as he was stepping down from a forklift. The co-worker stated that the forklift leaked brake fluid; that he, too, had slipped on the forklift two or three times; that there was brake fluid on the concrete floor where appellant slipped; and that appellant did not appear to be "high" from drugs before or after the accident. The appellant testified that he had oil on his shoes that morning; and that although he had not used marijuana in three years, he had attended a party four days previously where marijuana smoke was heavy. It was his opinion that the oil on his shoes had caused him to

slip and fall. Appellant introduced into evidence a letter from Dr. Koch, stating that there was no obvious intoxication when appellant was seen on the date of the accident.

The record also contains correspondence from two experts who evaluated appellant's laboratory test results. Cannabinoids detected in the first urine specimen were confirmed by gas chromatography-mass spectrometry showing a level greater than 200 ng/ml carboxy acid THC, the principle metabolite of marijuana. Dr. Henry F. Simmons stated that cut-off levels used to confirm positive screening tests are 15 ng/ml for federal programs and 10 ng/ml in many private programs. He stated that a level of 200 was well above levels expected from passive exposure to marijuana smoke, was not consistent with use of marijuana two to three years before testing, and could dissipate within two weeks to a level below cut-off values. He stated that the technique used by the laboratory was a state-of-the-art method of testing with a false positive rate near zero. Stuart Bogema, Ph.D, confirmed that two weeks after initial results of 200 ng/ml, a follow-up test of an individual who was not a heavy, chronic user and had not used marijuana in the interim would most likely be negative.

Appellant contends that the Commission erred as a matter of law in that it failed to understand that when *any evidence* is presented, the rebuttable presumption evaporates. He contends that the Commission placed an impossible burden upon him in refusing to disregard the rebuttable presumption once he presented testimony that he had not used marijuana in three years, that he was not intoxicated the day of the accident, and that he slipped because of oil on his shoes and brake fluid on the floor.

■ We do not read the Commission's decision as placing an impossible burden upon appellant, nor do we agree that the Commission erred as a matter of law. The plain language of the last sentence of section 11-9-102(5)(B)(iv) denies compensation "unless it is proved by a preponderance of the evidence that the . . . illegal drugs . . . did not substantially occasion the injury or accident." Furthermore, section 11-7-104(c)(3) requires that all provisions of the chapter be strictly construed. It was up to the Commission to determine whether appellant met its burden of proof in rebutting the presumption, and it did so by addressing in its decision "whether the presumption has been overcome." Whether a rebuttable presumption is overcome by the evidence is a question of fact

for the Commission to determine. *See Eagle Safe Corp.* v. *Egan,* 39 Ark. App. 79, 842 S.W.2d 438 (1992).

■■ When reviewing a finding of fact made by the Commission, we must affirm if the Commission's decision is supported by substantial evidence. *Purolator Courier* v. *Chancey,* 40 Ark. App. 1, 841 S.W.2d 159 (1992). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Southern Steel & Wire* v. *Kahler,* 54 Ark. App. 376, 927 S.W.2d 822 (1996). Furthermore, it is well established that the credibility of witnesses and the weight to be given their testimony are matters exclusively within the province of the Commission. *James River Corp.* v. *Walters,* 53 Ark. App. 59, 918 S.W.2d 211 (1996). The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *Jordan* v. *Tyson Foods, Inc.,* 51 Ark. App. 100, 911 S.W.2d 593 (1995).

■ Here, laboratory test results showed high levels of cannabinoids in appellant's urine the day he was injured at work. Under Ark. Code Ann. § 11-9-102(5)(B)(iv) (Repl. 1996), this created a rebuttable presumption that his injury was substantially occasioned by the use of illegal drugs. The Commission weighed appellant's evidence that he slipped because of a substance on the floor or on his shoes and that he had not used marijuana in three years, against the opinions of experts indicating that appellant had used marijuana or similar substances shortly before his accident at work and could not have attained the level detected by the testing from passive exposure to the smoke at a party a few days before the injury. We conclude that the Commission's finding that appellant did not overcome the presumption is supported by substantial evidence.

Affirmed.

JENNINGS, C.J., and PITTMAN, ROBBINS, and ROGERS, JJ., agree.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. I cannot agree with the majority opinion in this case.

The appellant, Louis Weaver III, was denied compensation because he tested positive for marijuana at the doctor's office where

appellant's supervisor took appellant after he fell from a forklift while at work.

The administrative law judge held that appellant failed to prove by a preponderance of the evidence that he sustained a compensable injury within the meaning of Act 796 of 1993. The law judge's opinion stated:

> To summarize, the opinions of the experts indicated that the claimant had recently used marijuana, or similar substances, at a significant level, but was not a chronic user and had not used the drug following his on-the-job injury, prior to the next test date. The tests further show that passive exposure to marijuana smoke was not the source of the claimant's positive test result.
>
> . . . .
>
> Thus, it is the claimant's burden in this claim to overcome the rebuttable presumption against compensability which arose as a result of the positive results of objective testing for cannabinoids. His proof tended to show that he had not been noticed to be visibly intoxicated at the time of the injury or at the doctor's office, that there was a slippery substance, probably brake fluid, which could have played a part in the injury, and that he denied recent marijuana use.
>
> However in determining whether the presumption has been overcome, the results of objective testing and the clear and consistent opinions of the experts cannot be overlooked. . . .
>
> Thus, it can not be said that the claimant has overcome the statutory presumption and proved entitlement to benefits without impermissibly giving him the benefit of the doubt or resorting to conjecture and speculation on his behalf.

The Commission affirmed and adopted the law judge's opinion which denied compensation.

Arkansas Code Annotated § 11-9-102(B)(iv) (Supp. 1993) provides:

> (B) "Compensable injury" does not include:
>
> . . . .

(iv) Injury where the accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders. The presence of alcohol, illegal drugs, or prescription drugs used in contravention of a physician's orders shall create a rebuttable presumption that the injury or accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders. Every employee is deemed by his performance of services to have impliedly consented to reasonable and responsible testing by properly trained medical or law enforcement personnel for the presence of any of the aforementioned substances in the employee's body. An employee shall not be entitled to compensation unless it is proved by a preponderance of the evidence that the alcohol, illegal drugs, or prescription drugs utilized in contravention of the physician's orders did not substantially occasion the injury or accident.

The appellant argues on appeal that the Commission made a mistake as a matter of law in its interpretation of Ark. Code Ann. § 11-9-102(B)(iv). Appellant says the sentence "The presence of alcohol, illegal drugs, or prescription drugs used in contravention of a physician's orders shall create a rebuttable presumption that the injury or accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders" means that the presumption is rebutted simply upon presentation of proof to the contrary, and that here, when evidence was introduced regarding the cause of appellant's fall, the presumption evaporated.

I agree with the appellant and I think the Commission erred in finding appellant had not overcome the statutory presumption. I also think the Commission erred in finding that the results of objective testing and the opinions of the experts cannot be overlooked in determining whether the presumption had been overcome.

Recognizing that the rules of evidence do not apply to worker's compensation proceedings and that this case is controlled by our statute, I nevertheless think it is appropriate to turn to evidentiary principles for guidance.

A presumption is a standardized practice under which certain

facts are held to call for uniform treatment with respect to their effect as proof of other facts and a rebuttable presumption is one under which the party against whom the presumption operates can always introduce proof in contradiction. Under what has become known as the "bursting bubble" theory of presumptions, the only effect of a presumption is to shift the burden of producing evidence with regard to the presumed fact and if that evidence is produced, the presumption disappears. *See* John W. Strong, *McCormick on Evidence* §§ 342, 344 (4th ed. 1992).

Arkansas cases have been in agreement with this general statement of the law. *See St. Louis, Iron Mountain & Southern Railroad Company* v. *Landers*, 67 Ark. 514, 55 S.W. 940 (1900) (the presumption of negligence ends when the railroad company introduces evidence to contradict it, and the presumption cannot be considered with the other evidence); *Missouri Pacific Railroad Company* v. *Ross*, 199 Ark. 182, 133 S.W.2d 29 (1939) (the presumption is at an end when evidence is introduced to contradict it and it cannot be considered with the other evidence, it has no place therein).

And in *Orient Insurance Company* v. *Cox*, 218 Ark. 804, 816, 238 S.W.2d 757 (1951), our supreme court stated:

> "The peculiar effect of a presumption 'of law' (that is, a real presumption) is merely to invoke a rule of law compelling the jury to reach the conclusion in the absence of evidence to the contrary from the opponent. If the opponent does offer evidence to the contrary (sufficient to satisfy the judge's requirement of some evidence), the presumption disappears as a rule of law, and the case is in the jury's hands free from any rule. . . . It is, therefore, a fallacy to attribute (as do some judges) an artificial probative force to a presumption, increasing for the jury the weight of the facts, even when the opponent has come forward with some evidence to the contrary." (Citations omitted.)

And in *Martin* v. *Young*, 17 Ark. App. 128, 705 S.W.2d 445 (1986), a worker's compensation case, this court held that when a properly addressed and stamped letter is shown to have been mailed, there is a presumption that it was received by the addressee in due course; however, the presumption ceases where the addressee denies having received the letter.

Thus, according to the above cited authority, in the instant

case, when the appellant put on some proof from which the fact finder could reasonably find that the appellant's injury was not caused by the use of alcohol or illegal drugs, the statutory presumption disappeared and could no longer be considered.

A reading of the statute brings me to the same conclusion. The statute first states that "the presence of alcohol . . . shall create a rebuttable presumption that the injury or accident was substantially occasioned by the use of alcohol." It then provides that "An employee shall not be entitled to compensation unless it is proved by a preponderance of the evidence that the alcohol, illegal drugs, or . . . did not substantially occasion the injury or accident." Because this second provision is included, I believe that it must mean something different from the former provision and refer to something other than the presumption or there would be no reason for its inclusion in the statute.

Therefore, under our statute, once appellant put on some reasonable proof that alcohol or drugs did not cause the accident the statutory presumption disappeared and had no force, and the results of objective testing and the opinions of the experts were not applicable in determining whether the presumption had been overcome. Appellant was then free of the presumption and left only with the burden of proving by a preponderance of the evidence that alcohol or drugs did not "substantially occasion" his on-the-job injury or accident.

Consequently, the Commission erred by improperly applying the statute. The last sentence of the Commission's opinion, quoted above, in plain effect says even if the claimant rebuts the presumption — we cannot allow him benefits without "impermissibly giving him the benefit of the doubt." How about — when he rebuts the presumption — just considering the evidence without using the *presumption* he has rebutted.

I dissent.