## Vernon WOODALL *v.* HUNNICUTT CONSTRUCTION

CA 98-1519                               994 S.W.2d 490

Court of Appeals of Arkansas
Division II
Opinion delivered July 7, 1999

*Daniel E. Wren*, for appellant.

*Michael E. Ryburn*, for appellee.

WENDELL L. GRIFFEN, Judge.

WENDELL L. GRIFFEN, Judge. Vernon Woodall appeals the Workers' Compensation Commission's denial of benefits to him, arguing on appeal that (1) there is no substantial evidence to support the Commission's decision and (2) the fact that appellant's co-worker was not injured is not evidence of appellant's impairment. We agree with appellant's arguments and reverse and remand for an award of benefits.

On June 5, 1997, while assisting in the construction of a roof, appellant fell when a scaffold collapsed. Appellant, a thirty-seven-year-old carpenter, sustained bilateral calcaneal fractures to both of his heels as a result of the fall. When appellant went to the emergency room for treatment, his urine sample was tested for the presence of illegal drugs. That screen showed the presence of

cocaine metabolites. At the hearing on December 16, 1997, appellant admitted that he smoked a rock of crack cocaine at approximately 6 p.m. the night before the accident.

Appellant testified that he and his co-worker, James Summerhill, were in the process of framing a house on June 5, 1997. According to appellant's testimony, he told Summerhill to put together scaffolding so that they could "fly the ridge" and proceed in putting the roof together. Appellant testified that he did not check the scaffolding to make sure Summerhill had built it strong enough to support appellant's weight because Summerhill has "always built good scaffolding and we never had . . . problems." Summerhill testified that he had nailed down one side of the scaffolding to the wall but not the other side when appellant said it would be all right. At that point, appellant and Summerhill proceeded to "fly the ridge." Summerhill testified that, in his opinion, he felt it was safe to do. When the board that the two workers were standing on fell off the scaffolding, appellant fell down to the ground, but Summerhill, being on the other side of the board, was thrown up eleven feet. Summerhill was thrown to the ceiling, where he landed uninjured.

In reversing the Administrative Law Judge's finding that appellant had rebutted the presumption set out in Arkansas Code Annotated § 11-9-102(5)(B)(iv) (Repl. 1996), the Commission found that, on *de novo* review of the testimony, it believed that appellant failed to prove by a preponderance of the credible evidence that his accident and injury were not substantially occasioned by the use of cocaine. The Commission stated that the greater weight of the credible evidence established that appellant's accident was attributable to his impaired judgment. The Commission opined that appellant's "actions of climbing up on the scaffolding which was not nailed down on his end was a sheer disregard for his own personal safety which strongly suggests impairment resulting from drug use."

■■ Arkansas Code Annotated section 11-9-102(5)(B)(iv)(b) provides that "The presence of alcohol, illegal drugs, or prescription drugs used in contravention of a physician's orders shall create a rebuttable presumption that the injury or acci-

dent was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders." Whether the rebuttable presumption is overcome by the evidence is a question of fact for the Commission to determine. *Weaver v. Whitaker Furniture Co.*, 55 Ark. App. 400, 935 S.W.2d 584 (1996). Further, when reviewing findings of fact made by the Workers' Compensation Commission, we must affirm if the Commission's decision is supported by substantial evidence. *Id.*

■ On appellate review of workers' compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission. *Johnson v. Hux*, 28 Ark. App. 187, 772 S.W.2d 362 (1989). We should affirm the Commission's ruling if there is any substantial evidence to support the findings made. *Shaw v. Commercial Refrigeration*, 36 Ark. App. 76, 818 S.W.2d 589 (1991). It is the function of the Commission to determine the credibility of the witnesses and the weight to be given to their testimony. *Wade v. Mr. C. Cavenaugh's*, 298 Ark. 363, 768 S.W.2d 521 (1989). From our review of the record, we should affirm the Commission if we can find any substantial evidence to support the findings made by the Commission. *Johnson, supra.*

■ When, as here, the Commission denies coverage because the claimant failed to meet his burden of proof, the substantial evidence standard of review requires that we affirm the Commission's decision if its opinion displays a substantial basis for the denial of relief. *McMillian v. U.S. Motors*, 59 Ark. App. 85, 953 S.W.2d 907 (1997); *see also Shaw, supra.* In determining the sufficiency of the evidence to sustain the findings of the Commission, we review the evidence in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence. *Weldon v. Pierce Bros. Constr.*, 54 Ark. App. 344, 925 S.W.2d 179 (1996). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *City of Fort Smith v. Brooks*, 40 Ark. App. 120, 842 S.W.2d 463 (1992). The question is not whether the evidence would have supported findings contrary to the ones made by the Commission; there may be substantial evidence to support the Commission's decision even though we might have reached a dif-

ferent conclusion if we sat as the trier of fact or heard the case de novo. *Tyson Foods, Inc. v. Disheroon*, 26 Ark. App. 145, 761 S.W.2d 617 (1988).

In *Hubley v. Best Western-Governor's Inn*, 52 Ark. App. 226, 916 S.W.2d 143 (1996), we reversed the Workers' Compensation Commission, holding that the Commission's analysis was "both factually inaccurate and logically flawed." *Id.* at 230, 916 S.W.2d at 145. In *Hubley*, the Commission chose to believe the testimony of two dentists but to discount the testimony of another dentist, deeming the testimony of the third dentist lacking in probative weight because he was a dentist and not a medical doctor. We held that when the Commission discounted the third dentist's testimony but believed the other two dentists' testimony, it employed the "sort of arbitrary reasoning that the substantial evidence rule was never intended to insulate from judicial review." *Id.* at 231, 916 S.W.2d at 146. We find a similar situation here. The Commission chose to discount the testimony of appellant and found his actions lacking in presence of mind and judgment while praising the presence of mind and judgment of appellant's co-worker. Both workers, however, got on the faulty scaffolding knowing it was not nailed down on both sides. Summerhill was not under the influence of drugs or alcohol at the time. The Commission's conclusion — that appellant's decision to get on the scaffolding was so illogical that it must have been made as a result of the influence of the drugs that appellant took the prior evening — is based on inconsistent logic. Therefore, we must reverse.

In *Weaver v. Whitaker Furniture Co., Inc.*, 55 Ark. App. 400, 935 S.W.2d 584 (1996), we affirmed the Workers' Compensation Commission's denial of benefits to the claimant, holding that he did not overcome the statutory rebuttable presumption that his injury was substantially occasioned by the use of illegal drugs. In *Weaver*, the claimant was injured when he stepped from a forklift and fell. In a drug test performed that day when Weaver went to the doctor for medical assistance, the presence of cannabinoids was found in his blood. A co-worker testified that he had slipped on the forklift, which leaked brake fluid, two or three times. The co-worker also testified that there was brake fluid on the concrete floor where Weaver slipped. In affirming the Commission's find-

ing that Weaver had not overcome the presumption that his injury was substantially occasioned by the use of drugs, we noted that there was substantial evidence to support the denial of benefits. We noted that the Commission weighed Weaver's evidence, including his testimony that he had not used marijuana in three years, against the medical testimony indicating that Weaver had used marijuana shortly before his accident at work. We can distinguish *Weaver* from the case at bar in two ways. First, Woodall's testimony concerning the drugs found in his body was forthright and not in contradiction with the medical evidence, unlike that of the claimant in *Weaver*. Second, Woodall's co-worker Summerhill's testimony was more pertinent to the accident at work than the co-worker's testimony in *Weaver*. Summerhill was involved in the accident in question, but the co-worker in *Weaver* was not. The *Weaver* co-worker merely stated that in times past, he had slipped in the same way that Weaver did.

█ The fact that Summerhill climbed on the scaffolding that he knew was not nailed down on both sides demonstrates that Summerhill and appellant exercised the same judgment. That the Commission chose to find that appellant's judgment was impaired by the use of drugs while finding that Summerhill displayed "presence of mind" and "quick judgment" in keeping himself from harm when the scaffolding collapsed is, we believe, indicative of inconsistent logic. Both workers climbed on the scaffolding. Both worked there until it collapsed. It may be reasonably concluded that neither worker exercised good judgment or that both co-workers exercised poor judgment. But it cannot be fairly concluded, consistent with logic, that appellant's behavior in stepping onto the scaffolding that Summerhill constructed was so different in fact or in its effects as to be distinguishable from Summerhill's judgment. Thus, the Commission erred when it inconsistently reasoned appellant's injury to be substantially occasioned from illegal drug use based on conduct that it commended when engaged in by Summerhill, a co-employee not shown to have taken illegal drugs, who acted the same way.

Reversed and remanded.

ROGERS and HART, JJ., agree.