Vernon WOODALL *v.* HUNNICUTT CONSTRUCTION;
Employer's Insurance of Wausau, Carrier

99-858                                    12 S.W.3d 630

Supreme Court of Arkansas
Opinion delivered February 17, 2000

*Daniel E. Wren*, for appellant.

*Michael E. Ryburn*, for appellees.

W. H. "DUB" ARNOLD, Chief Justice. This case is before us on petition for review from the Arkansas Court of Appeals, pursuant to Ark. Sup. Ct. R. 1-2(e). Vernon Woodall appealed the Workers' Compensation Commission's denial of benefits to him, arguing on appeal that (1) there is no substantial evidence to support the Commission's decision and (2) the fact that appellant's co-worker was not injured is not evidence of appellant's impairment. The Court of Appeals agreed with appellant's arguments and reversed and remanded for an award of benefits in *Woodall v. Hunnicutt Constr.*, 67 Ark. App. 196, 994 S.W.2d 490 (1999).

Appellee, Hunnicutt Construction, then petitioned this Court for review, contending that the Court of Appeals erred in using the wrong standard of review and in substituting its own judgment on credibility for the Commission's decision on credibility. Appellee asserts that the Court of Appeals, by its holding, created an exception for future drug-intoxication cases. We granted appellee's petition for review pursuant to Ark. Sup. Ct. R. 1-2(e). We agree with appellee that the Court of Appeals should be reversed, and we affirm the Workers' Compensation Commission's denial of benefits to appellant.

### Standard of Review

■ ■ Upon a petition for review, we consider a case as though it had been originally filed in this Court. *White v. Georgia-Pacific Corp.*, 339 Ark. 474, 6 S.W.3d 98 (1999); *Burlington Indus. v. Pickett*, 336 Ark. 515, 988 S.W.2d 3 (1999). We view the evidence in a light most favorable to the Commission's decision, and we uphold that decision if it is supported by substantial evidence. *Id.*; *Deffenbaugh Indus. v. Angus*, 313 Ark. 100, 852 S.W.2d 804 (1993). We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Pickett*, 336 Ark. 515, 988 S.W.2d 3; *ERC Contr. Yard & Sales v. Robertson*, 335 Ark. 63, 977 S.W.2d 212 (1998).

### Facts and Procedural History

On June 5, 1997, while assisting in the construction of a roof, appellant fell when a scaffold collapsed. Appellant, a thirty-seven-year-old carpenter, sustained bilateral calcaneal fractures to both of his heels as a result of the fall. When appellant went to the emergency room for treatment, his urine sample was tested for the presence of illegal drugs. That screen showed the presence of cocaine metabolites. At the hearing on December 16, 1997, appellant admitted that he had smoked a rock of crack cocaine at approximately 6 p.m. the night before the accident.

Appellant testified that he and his co-worker, James Summerhill, were in the process of framing a house on June 5, 1997. According to appellant's testimony, he told Summerhill to put

together scaffolding so that they could "fly the ridge" and proceed in putting the roof together. Appellant testified that he did not check the scaffolding to make sure Summerhill had built it strong enough to support appellant's weight because Summerhill has "always built good scaffolding and we never had ... problems."

Summerhill testified that he had nailed down one side of the scaffolding to the wall but not the other side when appellant, who was Summerhill's supervisor, said it would be all right. At that point, appellant and Summerhill proceeded to "fly the ridge." Summerhill testified that, in his opinion, he felt it was safe to do. When the board that the two workers were standing on fell off the scaffolding, appellant fell down to the ground, but Summerhill, being on the other side of the board, was thrown up eleven feet. Summerhill was thrown to the roof, where he landed uninjured.

In reversing the Administrative Law Judge's finding that appellant had rebutted the presumption set out in Arkansas Code Annotated § 11-9-102(5)(B)(iv) (Repl. 1996), the Commission found that, on *de novo* review of the testimony, it believed that appellant failed to prove by a preponderance of the credible evidence that his accident and injury were not substantially occasioned by the use of cocaine. The Commission stated that the greater weight of the credible evidence established that appellant's accident was attributable to his impaired judgment. The Commission opined that appellant's "actions of climbing up on the scaffolding which was not nailed down on his end was a sheer disregard for his own personal safety which strongly suggests impairment resulting from drug use."

*Merits of the Case*

█ Arkansas Code Annotated § 11-9-102(5)(B)(iv)(b) provided that "The presence of alcohol, illegal drugs, or prescription drugs used in contravention of a physician's orders shall create a rebuttable presumption that the injury or accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders." Whether the rebuttable presumption is overcome by the evidence is a question of fact for the Commission to determine. *Weaver v. Whitaker Furniture Co.*, 55 Ark. App. 400, 935 S.W.2d 584 (1996). Further, when reviewing findings of fact made by the Workers' Compensation Commission,

the appellate court must affirm if the Commission's decision is supported by substantial evidence. *Id.*

■ Again, on appellate review of workers' compensation cases, the Supreme Court veiws the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission. *White v. Georgie-Pacific Corp., supra.* When, as here, the Commission denies coverage because the claimant failed to meet his burden of proof, the substantial-evidence standard of review requires that we affirm the Commission's decision if its opinion displays a substantial basis for the denial of relief.

■ ■ Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Minnesota Mining & Mfg. v. Baker,* 337 Ark. 94, 989 S.W.2d 151 (1999). The question is not whether the evidence would have supported findings contrary to the ones made by the Commission; there may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we sat as the trier of fact or heard the case *de novo. Id.*

■ Again, whether the rebuttable presumption previously set out in Ark. Code Ann. § 11-9-102(5)(B)(iv)(b) (and currently set out in Ark. Code Ann. § 11-9-102(4)(B)(iv)(b) (Supp. 1999)) is overcome by the evidence is a question of fact for the Commission to determine. *See Weaver, supra.* Further, it is the function of the Commission to determine the credibility of the witnesses and the weight to be given to their testimony. When, as here, the Commission denies coverage because the claimant failed to meet his burden of proof, the substantial-evidence standard of review *requires* that we affirm the Commission's decision if its opinion displays a substantial basis for the denial of relief.

■ There is no question in this case that substantial evidence existed for the Commission to deny relief. Unlike many of the drug-intoxication workers' compensation cases, there is no question in this case whether the claimant did or did not have the presence of an illegal drug in his blood. He both readily admitted smoking crack cocaine the night before the incident and admitted that he tested positive for a drug screen on the date of the accident. This automatically raises the presumption that drugs were the cause of

the accident and placed the burden on the injured employee to prove that they were not.

■ Because our standard of review is whether reasonable men could have reached the same conclusion as the Commission, this case must be affirmed. The Court of Appeals reasoned that because appellant's co-worker, Mr. Summerhill, chose to climb on the rickety scaffolding when he was *not* under the influence of drugs, then the Commission's finding that appellant's decision to do the same was illogical because he was under the influence of drugs, is indicative of "inconsistent logic" on the part of the Commission. In fact, it is *not* indicative of inconsistent logic, but is in fact quite logical. The claimant was Mr. Summerhill's supervisor, and had in fact directed Mr. Summerhill to cease nailing the scaffolding, stating that it would be "all right." Regardless of the claimant's presence of mind, Mr. Summerhill was under *his* direction.

The bottom line is that the appellant was on a rickety scaffolding and had drugs present in his bloodstream. He fell and was injured. The only question we need address is whether the accident could have happened because of the use of illegal drugs. The answer is, of course, that it could have happened just the way the Commission found. Because of the presumption created by former Ark. Code Ann. § 11-9-102(5)(B)(iv)(b), regarding drug use of the injured worker, which the Commission determined appellant failed to rebut, coupled with this Court's standard of review in workers' compensation cases wherein we do not hear the case *de novo*, but rather affirm the Commission's decision if reasonable men could have reached the same conclusion as the Commission, we must affirm the Commission's denial of benefits to appellant, thereby reversing the Court of Appeals decision in *Woodall v. Hunnicutt Constr.*, 67 Ark. App. 196, 994 S.W.2d 490 (1999).

Affirmed.