APPLE TREE SERVICE, INC., and AIG Claim Services, Inc. *v.*
Gill GRIMES

CA 05-860 228 S.W.3d 515

Court of Appeals of Arkansas
Opinion delivered February 15, 2006

*Huckabay, Munson, Rowlett & Moore,* by: *Carol Lockard Worley*
and *Melissa Ross,* for appellants.

*Stricker Law Firm, P.L.L.C.,* by: *R. Theodor Stricker,* for appellee.

JOSEPHINE LINKER HART, Judge. Appellants, Apple Tree Service, Inc., and AIG Claim Services, Inc., appeal from the decision of the Arkansas Workers' Compensation Commission awarding benefits to appellee, Gill Grimes. Particularly, appellants argue that the Commission's decision was not supported by substantial evidence, as appellee failed to prove by a preponderance of the evidence that illegal drugs did not substantially occasion his accident. We affirm.

An injury is not compensable if it is the result of an accident that was "substantially occasioned by the use of . . . illegal drugs . . . ." Ark. Code Ann. § 11-9-102(4)(B)(iv)(*a*) (Supp. 2005). Further, the presence of illegal drugs "shall create a rebuttable

presumption that the injury or accident was substantially occasioned by the use of" the illegal drugs. Ark. Code Ann. § 11-9-102(4)(B)(iv)(*b*). And "[a]n employee shall not be entitled to compensation unless it is proved by a preponderance of the evidence that the . . . illegal drugs . . . did not substantially occasion the injury or accident." Ark. Code Ann. § 11-9-102(4)(B)(iv)(*d*). Whether the rebuttable presumption is overcome by the evidence is a question of fact for the Commission to determine. *Woodall v. Hunnicut Constr.*, 340 Ark. 377, 12 S.W.3d 630 (2000). On appeal, we view the evidence in a light most favorable to the Commission's decision and affirm if the decision is supported by substantial evidence. *Id.* Further, the Commission determines the credibility of witnesses and the weight to be given their testimony. *Id.*

In its opinion reversing the denial of benefits by the administrative law judge, the Commission wrote that on February 19, 2003, while working for appellant Apple Tree Service, Inc., appellee and his brother and supervisor, George Grimes, were attempting to cut down a 140-foot tall dead pine tree. While they were cutting the tree, it unexpectedly fell onto a small pine tree and caused the smaller tree to snap at the roots and fall, striking and injuring appellee. Appellee's drug screen rendered positive results for the presence of marijuana metabolites. Because of the positive results, appellants controverted appellee's claim for benefits.

In awarding benefits, the Commission found as credible George Grimes's testimony that the accident was unavoidable. The Commission reiterated his testimony that the dead tree fell onto a smaller tree, causing it to snap at the roots and fall instead of just folding over. The Commission also noted Grimes's testimony that, prior to felling the tree, he and appellee discussed and determined an escape route, that Grimes knew where to run and appellee knew where to run, and that they could not run in the same direction because the rope was between them. Further, the Commission noted Grimes's testimony that he ran the same distance away from the tree as appellee did, that it was a "freak accident" because the tree that struck appellee broke in a way he had never seen in fourteen years of logging, that appellant could not have predicted that the accident would have happened or planned and avoided it, and that even if appellee had not been impaired he could not have gotten away from the falling tree. The Commission found that appellee proved by a preponderance of the evidence that illegal drugs did not substantially occasion his accidental injury.

 Appellants argue that the Commission's decision was not supported by substantial evidence, as appellee failed to prove that illegal drugs did not substantially occasion his accident. Appellants assert that appellee and his brother were not credible witnesses. The credibility of witnesses and the weight to be given their testimony, however, were for the Commission to determine. Further, appellants assert that appellee did not clear a path away from the 140-foot tall tree or move very fast when it did fall and that this constituted evidence of impairment. Appellee presented, however, George Grimes's testimony that appellee ran the same distance from the tree as he did and that the accident was unavoidable. Furthermore, as the Commission found in its decision, because appellee "did not expect the smaller pine tree to snap at the roots and fall over on him, there was no reason for him to clear an escape path for this tree, as had been prudently done for the dead tree being taken down." Viewing this evidence in the light most favorable to the Commission's decision, we conclude that the decision was supported by substantial evidence.

Affirmed.

BIRD and NEAL, JJ., agree.