MORRILTON MANOR *v.* Jennifer BRIMMAGE

CA 96-1542                                                          952 S.W.2d 170

Court of Appeals of Arkansas
Division II
Opinion delivered September 3, 1997

*Walter A. Murray*, for appellant.

*The Whetstone Law Firm, P.A.*, by: *Gary Davis*, for appellee.

SAM BIRD, Judge. Morrilton Manor, a nursing home, appeals a decision of the Workers' Compensation Commission that held that appellee had sustained a work-related back injury on June 6, 1995, and was entitled to medical benefits, temporary total disability benefits from June 8, 1995, to June 23, 1995, and the maximum allowable attorney's fee for full controversion of the claim.

Appellant argues that (1) the Commission erred in failing to recognize that a presumption contained in Ark. Code Ann. § 11-9-102(5)(B)(iv) (Repl. 1996) is an absolute bar to this claim, and

that appellee waived any objection to the admission of the result of the drug test; (2) the Commission improperly gave the benefit of the doubt to the appellee; and (3) the Commission's opinion is not supported by substantial evidence.

The parties stipulated that the employer–employee–carrier relationship existed on June 6, 1995. Appellee testified that she was assigned to the laundry room and had just taken some linens from a dryer, put them into a basket, and moved them to a folding table. In the process, a sheet fell to the floor, and when appellee bent over to pick it up, her back popped. She immediately reported the incident to her supervisor who filled out an accident report and directed appellee to submit a urine specimen for a drug screen. Although appellee was not scheduled to work on June 7th and 8th, she went in on June 8th to pick up her paycheck, and was told that the urine sample she gave on June 6th had been collected in an "inappropriate" container. She was asked to submit another specimen, and she did. The second specimen appellee gave tested positive for opiates (morphine and codeine), and on that basis appellant terminated appellee's employment and controverted her workers' compensation claim.

Appellant contended before the Commission that Ark. Code Ann. § 11-9-102(5)(B)(iv) (Repl. 1996) operates as an absolute bar to appellee's claim because the urine specimen collected two days after her injury tested positive for codeine. That statute provides:

> (B) "Compensable injury" does not include:
>
> . . .
>
> (iv)(a) Injury where the accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders.
>
> (b) The presence of alcohol, illegal drugs, or prescription drugs used in contravention of a physician's orders shall create a rebuttable presumption that the injury or accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders.

(c) Every employee is deemed by his performance of services to have impliedly consented to reasonable and responsible testing by properly trained medical or law enforcement personnel for the presence of any of the aforementioned substances in the employee's body.

(d) An employee shall not be entitled to compensation unless it is proved by a preponderance of the evidence that the alcohol, illegal drugs, or prescription drugs utilized in contravention of the physician's orders did not substantially occasion the injury or accident.

Appellee contended that she was neither intoxicated nor had she taken drugs prior to her injury. She explained that the night before the *second* urine specimen was collected she was in pain and had taken a Tylenol #3 tablet given to her by her father, with whom she lived. Appellee said she had informed the nurse who collected the second sample that she had taken the Tylenol, which contains codeine. Appellee's father confirmed that he had given her the Tylenol #3 tablet for pain.

The administrative law judge said that the appellant had failed to prove that the drug screen performed on a urine specimen taken two days after an injury was a "'reasonable and responsible' test on which to base a denial of benefits for an injury 'substantially occasioned' by an intoxicant." He held that the claimant had proven that she sustained a compensable back injury and was entitled to temporary total disability benefits from June 8, 1995, to June 23, 1995, and medical expenses. The Commission affirmed and adopted the opinion of the law judge.

Appellant argues that the Commission's interpretation of the statute was erroneous, and that because appellee failed to object to the result of the drug test being considered by the Commission, any objection to it was waived. Appellant argues that, consequently, the Commission *could not find* that the drug test was not "reasonable and responsible," or that it was insufficient evidence on which to base a denial of benefits. Appellee argues that the Commission may disregard the result of a drug test done on a urine specimen collected two days after an injury when the injured party admits having taken pain medication in the interim between the injury and submission of the urine specimen. We

agree with appellee and find the appellant's interpretation of the statute to be flawed.

■ ■ Prior to 1993, the burden was upon the employer to prove that a claimant's injury was the result of intoxication or drug use. Act 796 of 1993 shifted the burden to the claimant by creating a rebuttable presumption that an injury was substantially occasioned by an intoxicant if one is found to be present in the body. Now, if the claimant is found to have alcohol or drugs in his body after an injury, he must prove by a preponderance of the evidence that his injury was not substantially occasioned by the alcohol or drugs. In such cases, however, our standard of review remains the same.

> This court on appeal is required to review the evidence in the light most favorable to the findings of the Commission and to give the testimony its strongest probative value in favor of the order of that Commission. . . . [I]t is the function of this court to determine whether there is any substantial evidence to support the Commission's finding.

Davis v. C & M Tractor Co., 4 Ark. App. 34, 40-41, 627 S.W.2d 561, 564 (1982); *Country Pride v. Holly*, 3 Ark. App. 216, 624 S.W.2d 443 (1981).

■ In *Weaver v. Whitaker Furniture Co.*, 55 Ark. App. 400, 935 S.W.2d 584 (1996), we explained:

> Under our prior workers' compensation law, there was a *prima facie* presumption that an injury did not result from intoxication of the injured employee while on duty. *See* Ark. Code Ann. § 11-9-707(4) (1987). Act 796 of 1993, however, changed that presumption[.]

55 Ark. App. at 401-02, 935 S.W.2d at 585.

> The plain language of the last sentence of section 11-9-102(5)(B)(iv)(d) denies compensation "unless it is proved by a preponderance of the evidence that the . . . illegal drugs . . . did not substantially occasion the injury or accident." Furthermore, section 11-7-104(c)(3) [11-9-704(c)(3)] requires that all provisions of the chapter be strictly construed. It was up to the Commission to determine whether appellant met its burden of proof

in rebutting the presumption, and it did so by addressing in its decision "whether the presumption has been overcome." Whether a rebuttable presumption is overcome by the evidence is a question of fact for the Commission to determine. *See Eagle Safe Corp. v. Egan*, 39 Ark. App. 79, 842 S.W.2d 438 (1992).

When reviewing a finding of fact made by the Commission, we must affirm if the Commission's decision is supported by substantial evidence. *Purolator Courier v. Chancey*, 40 Ark. App. 1, 841 S.W.2d 159 (1992). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Southern Steel & Wire v. Kahler*, 54 Ark. App. 376, 927 S.W.2d 822 (1996). Furthermore, it is well established that the credibility of witnesses and the weight to be given their testimony are matters exclusively within the province of the Commission. *James River Corp. v. Walters*, 53 Ark. App. 59, 918 S.W.2d 211 (1996). The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *Jordan v. Tyson Foods, Inc.*, 51 Ark. App. 100, 911 S.W.2d 593 (1995).

55 Ark. App. at 403-04, 935 S.W.2d at 586-87.

■ The Commission was well within its fact-finding authority in holding that the statutory presumption had been rebutted and giving little credence to the positive result of a drug test when the specimen was not collected until two days after the injury, particularly when the claimant admitted that she had taken pain medication containing codeine before the test.

■ We agree with appellant that under Ark. Code Ann. § 11-9-102(5)(B)(iv) (Repl. 1996), when the presence of alcohol, illegal drugs, or prescription drugs used in contravention of a physician's orders is detected in an employee following an injury, the burden is on the claimant to rebut the presumption that the injury was substantially occasioned by the alcohol or drugs. However, in this case, there was no evidence whatsoever that the claimant was intoxicated or under the influence of drugs at the time of the injury. The urine sample collected immediately after the injury, which would have provided an accurate test of the presence of alcohol or drugs in appellee's body at the time of the injury, was rendered defective and unreliable due to a mistake imputed to the

employer. The suggestion that codeine found in a urine sample collected two days after an injury proves that the injury was caused by the drug stretches credulity, especially when the claimant presents a credible explanation for the existence of the codeine in her urine. Under these circumstances, we do not think the presumption arises at all, but if it does, it has been effectively rebutted.

■ Appellant also argues that the law judge was biased and had impermissibly given the benefit of the doubt to appellee. While it is a correct statement of the law that the Commission is no longer allowed to give the benefit of the doubt to either party, we find no evidence in the record to support the allegation that appellee was given the benefit of the doubt. Appellant also submits that there was no evidence that appellee was not intoxicated after the injury. There is also no evidence that appellee *was* intoxicated *before* the injury. That she had taken pain medication following the injury is not indicative of intoxication before the injury.

■ Finally, appellant contends there is no substantial evidence to support the Commission's decision. That the collection of the urine specimen for drug screen was not contemporaneous with the injury and that no causal connection was shown between the injury and the presence of codeine in appellee's urine two days later is substantial evidence supporting the Commission's decision.

Affirmed.

ROBBINS, C.J., and STROUD, J., agree.