Cathy WILLIAMS *v.* ST. VINCENT INFIRMARY

CA 97-30                                954 S.W.2d 302

Court of Appeals of Arkansas
Divisions I and IV
Opinion delivered November 5, 1997

*Walker, Campbell & Dunklin,* by: *Sheila F. Campbell,* for appellant.

*Jack, Lyon & Jones, P.A.,* by: *John W. Fink,* for appellee.

WENDELL L. GRIFFEN, Judge. Cathy Williams has appealed the decision by the Workers' Compensation Commission that denied her claim for permanent disability benefits above the anatomical impairment that she sustained following a July 12, 1990, compensable back injury. Appellant contends that the Commis-

sion should be reversed because its decision is not supported by substantial evidence. We hold that reasonable minds could have reached the decision that the Commission reached upon the evidence in the record. Therefore, we affirm.

Appellant was employed as a daycare worker at St. Vincent Infirmary Medical Center. Her job involved bending, lifting, stooping, mopping, sweeping, and other duties related to caring for, feeding, cooking for, and playing with children. On July 12, 1990, appellant injured her back while lifting a child. The appellee accepted her injury as compensable, paid for her to obtain medical treatment, and paid temporary total disability benefits based upon appellant's compensation rate of $150.21 per week. The parties stipulated that appellant's healing period ended December 5, 1991, when appellee accepted and paid permanent disability benefits corresponding to a ten-percent permanent physical impairment rating. Appellant waived future vocational rehabilitation, and contended before the Commission that she was either entitled to permanent and total disability benefits or additional permanent disability benefits exceeding the value of the ten-percent impairment rating on account of a decrease in her capacity to earn wages. The Commission found that appellant is not entitled to permanent partial disability benefits above the ten-percent impairment rating, and that appellant failed to prove by a preponderance of the credible evidence that she is entitled to permanent disability benefits due to diminution of her capacity to earn wages.

Of course, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we will affirm if those findings are supported by substantial evidence. Substantial evidence is such relevant evidence as reasonable minds may accept as adequate to support a conclusion. *Bradley v. Alumax*, 50 Ark. App. 13, 899 S.W.2d 850 (1995).

Appellant argues that Ark. Code Ann. § 11-9-522(b) (1987) mandates reversal because the Commission received evidence that she only had a tenth grade education, lacked vocational training, had been a homemaker before going to work at St. Vincent Infir-

mary, remained under medical care for a substantial time after the compensable injury, and continued to take prescription pain medication for the herniated disc that resulted from that injury. The record does contain that proof. However, the Commission also received evidence showing that appellant presented a variety of somatic symptoms that were likely to be "very exaggerated and not necessarily related to an actual physical condition." Appellant's attendance at a work-hardening program was inconsistent, and her performance while attending work-hardening was reported to be inconsistent, self-limiting, and characterized by symptom magnification despite psychological counseling aimed at assuring her that she would not hurt herself during the retraining process. Although the employer introduced evidence that appellant had been offered a job as a nurse-scheduling clerk after her healing period ended and that the job was within the restrictions outlined by appellant's primary treating physician, appellant testified that she did not believe herself qualified for the job because she lacked typing and secretarial skills and felt unable to return to gainful employment.

■  Arkansas Code Annotated § 11-9-522(b) states:

> In considering claims for permanent partial disability benefits in excess of the employee's percentage of permanent physical impairment, the commission may take into account, in addition to the percentage of permanent physical impairment, such factors as the employee's age, education, work experience, and other matters reasonably expected to affect his future earning capacity. However, so long as an employee, subsequent to his injury, has returned to work, has obtained other employment, or has a bona fide and reasonably obtainable offer to be employed at wages equal to or greater than his average weekly wage at the time of the accident, he shall not be entitled to permanent partial disability benefits in excess of the percentage of permanent physical impairment established by a preponderance of the medical testimony and evidence.

The employer or its workers' compensation insurance carrier has the burden of proving the employee's employment, or the employee's receipt of a bona fide offer to be employed, at wages equal to or greater than her average weekly wage at the time of the accident. *See* Ark. Code Ann. § 11-9-522(c)(1).

Although appellant argues that the employer failed to prove that she had returned to work, obtained other employment, or received a bona fide and reasonably obtainable offer to be employed at wages equal to or greater than her average weekly wage at the time of the accident through the evidence concerning the nurse-scheduling clerk position, that factor is not controlling of our decision. The issue presented by appellant's claim was whether she proved by a preponderance of the evidence that she was entitled to a finding of permanent and total disability, or whether she was entitled to permanent disability benefits for diminution of her wage-earning capacity beyond the value of the ten-percent physical impairment rating. If the Commission could have reasonably found that appellant was not entitled to permanent partial disability benefits above the value of the ten-percent physical impairment because she failed to prove by a preponderance of the credible evidence that she had sustained wage-loss disability, the alleged failure of proof by appellee would be immaterial. There was conflicting evidence on that crucial issue. The evidentiary conflict required that the Commission weigh the proof, make credibility evaluations of the witnesses, and render its decision.

It is well settled that a decision by the Workers' Compensation Commission should not be reversed unless it is clear that fair-minded persons could not have reached the same conclusion if presented with the same facts. *Foxx v. American Transp.*, 54 Ark. App. 115, 924 S.W.2d 814 (1996). It is not the province of the court of appeals to substitute its judgment concerning matters of credibility for that of the Commission. *Hanson v. Amfuel*, 54 Ark. App. 370, 925 S.W.2d 166 (1996). The issue is not whether we might have reached a different result or whether evidence would have supported a finding that is contrary to the Commission's findings; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Bradley v. Alumax, supra.* Based upon the conflicting proof in the record, we are unable to agree with appellant that reasonable persons could not have reached the same conclusion that the Commission reached in denying her claim. Therefore, we affirm.

AREY and CRABTREE, JJ., agree.

ROGERS, NEAL, and PITTMAN, JJ., dissent.

JUDITH ROGERS, Judge, dissenting. I respectfully disagree with the prevailing opinion's disposition of this case. I believe the case should be reversed and remanded to the Commission to make specific findings of fact and to consider the medical evidence and the wage-loss factors.

The Commission stated that appellant failed to show by a preponderance of the credible evidence that she was entitled to wage-loss disability. The Commission simply concludes that appellant is capable of returning to gainful employment despite her testimony and that of her corroborating witnesses. The prevailing opinion determines that "[i]f the Commission could have reasonably found that appellant was not entitled to permanent partial disability benefits above the value of the ten percent physical impairment because she failed to prove by a preponderance of the credible evidence that she had sustained wage-loss disability, the alleged failure of proof by appellee would be immaterial." The prevailing opinion decides that based on the conflicting proof in the record reasonable minds could have reached the same conclusion as the Commission. If the Commission had made findings that the proof in the record was conflicting and set forth the basis for those findings, we would not have reached differing opinions in this case. However, the Commission failed to make specific findings of fact to support its conclusion that appellant failed to prove that she was entitled to wage-loss disability.

When determining wage-loss disability benefits, the Commission is charged with the duty of determining disability based upon a consideration of medical evidence and other matters affecting wage-loss, such as the claimant's age, education, and work experience. *Bradley v. Alumax,* 50 Ark. App. 13, 899 S.W.2d 850 (1995). It is clear from the Commission's opinion that it did not consider the wage-loss factors or any of the medical evidence in making its determination that appellant was not entitled to wage-loss disability benefits.

The Commission also found that appellant had been offered and rejected suitable employment made available by appellee. The prevailing opinion states that that finding is not controlling in its

decision. Despite the prevailing opinions dismissal of this point, I believe it would be necessary to address if the case were being reversed and remanded.

Arkansas Code Annotated § 11-9-522(b)(2) (Repl. 1996) provides:

> (2) However, so long as an employee, subsequent to his injury, has returned to work, has obtained other employment, or *has a bona fide and reasonable obtainable offer to be employed at wages equal to or greater than his average weekly wage at the time of the accident,* he shall not be entitled to permanent partial disability benefits in excess of the percentage of permanent physical impairment established by a preponderance of the medical testimony and evidence. (Emphasis added.)

The employer or his workers' compensation insurance carrier shall have the burden of proving the employee's employment, or the employee's receipt of a *bona fide offer to be employed, at wages equal to or greater than his average weekly wage at the time of the accident. Cross v. Crawford County Memorial Hosp.,* 54 Ark. App. 130, 923 S.W.2d 886 (1996). (emphasis added) The Commission in making the finding that appellee offered appellant a position that was approved by her physician, failed to make a finding that the offer of employment was for wages equal to or greater than appellant's average weekly wage at the time of her accident. The Commission merely noted that appellant was making slightly more than minimum wage at the time of her injury. There is no indication in the Commission's opinion that the position offered to appellant paid the same or greater wages as her previous position. Without this finding, the Commission's decision on that issue would be inadequate for review. Thus, I would reverse and remand this case for the Commission to make specific findings of fact to support its conclusions.

NEAL and PITTMAN, JJ., join in this dissent.