James FLOWERS *v.* NORMAN OAKS
CONSTRUCTION CO., Inc.

CA 99-221                                    6 S.W.3d 118

Court of Appeals of Arkansas
Divisions II, III, and IV
Opinion delivered December 8, 1999
[ Petition for rehearing denied January 12, 2000.* ]

* PITTMAN, JENNINGS, and ROAF, J J., and HAYS, S.J., would grant.

240

*Baxter, Jensen, Payne, Young & Smith,* by: *Terence C. Jensen,* for appellant.

*Roberts Law Firm, P.A.,* by: *Mike Roberts* and *J. Mark White,* for appellee.

OLLY NEAL, Judge. James Flowers appeals the Workers' Compensation Commission's determination that his work-related injury was substantially occasioned by the use of alcohol and was not compensable. He contends that the Commission erred in finding that he was intoxicated at the time of his injury and in its application of Ark. Code Ann. § 11-9-102(5)(B)(iv) (Repl. 1996). We agree, and reverse and remand this matter to the Commission.

On December 6, 1997, appellant was employed as a framer-carpenter by appellee Norman Oaks Construction, Inc., when he fell approximately twenty feet to the ground from scaffolding, frac-

turing his spine. Appellant was transported to the hospital by ambulance, where he was admitted and subsequently underwent spinal fusion. Appellant filed a claim for workers' compensation benefits that was controverted by appellee.

At the administrative hearing, appellant testified that he had not consumed any alcohol on the day of his accident. He did testify, however, that he had consumed beer the night before; that he went to work the next morning wearing the same clothes he had been wearing during the previous night's drinking; and that he did not brush his teeth before leaving for work.

Appellee introduced medical records from the hospital and emergency response personnel that indicated the smell of "ETOH" or alcohol about appellant's breath. However, appellee did not offer medical test results to show the presence of alcohol in appellant's system. The Commission determined that there was sufficient "presence" of alcohol to invoke the statutory presumption that appellant's injury was substantially occasioned by the use of alcohol. The Commission also determined that appellant had failed to rebut the presumption by presenting proof by a preponderance of the evidence that his injury was not substantially occasioned by the use of alcohol. This appeal followed.

■ Appellant contends on appeal that the Commission erred in its application of Ark. Code Ann. § 11-9-102(5)(B)(iv). When reviewing an appeal from the Workers' Compensation Commission, we view the evidence in a light most favorable to the Commission's decision and affirm if the decision is supported by substantial evidence. *Southern Hospitalities v. Britain*, 54 Ark. App. 318, 925 S.W.2d 810 (1996). Substantial evidence exists if reasonable minds could reach the same conclusion. *Id*. We will not reverse the Commission's decision unless fair-minded persons could not have reached the same conclusion when considering the same facts. *Id*.

Under Arkansas Code Annotated section 11-9-102(5):

(B) "Compensable injury" does not include:

. . . .

(iv)(a) Injury where the accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of a physician's orders.

(b) the presence of alcohol, illegal drugs, or prescription drugs used in contravention of a physician's orders shall create a rebuttable presumption that the injury or accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders.

(c) Every employee is deemed by his performance of services to have impliedly consented to reasonable and responsible testing by a properly trained medical or law enforcement personnel for the presence of any of the aforementioned substances in the employee's body.

At the administrative hearing, appellee presented the testimony of Steven Coleman. Mr. Coleman testified that he is a contractor and that appellee had been hired as a subcontractor and was working on one of his projects on December 6, 1997. He testified that he inspected the work site prior to and after appellant's accident, and found beer cans the week after appellant's December 1997 accident. He denied, however, ever seeing appellant consume alcohol, and could not say that the beer cans he found had been left at the site by appellant.

Charles Smith testified that, in December of 1996, he was working as a house-framer on the house that was under construction next door to the house that appellant was framing. He testified that on one occasion he saw appellant open his coat and reveal one or two cans of beer in the pockets of his coat. He also testified that he witnessed appellant fall through the rafters as he was decking the roof and land on the floor joists below. However, his testimony was unequivocal that the fall he witnessed was not the accident that is the subject of this appeal. Smith testified further that he did not see appellant consume any alcohol, and did not witness appellant's December 6, 1997, fall.

Appellee also presented evidence of appellant's prior DWI convictions that occurred during the five-year period that preceded the December 1997 accident. The Commission concluded that the reports of medical personnel noting the smell of alcohol about appellant's breath were sufficient proof of presence to trigger the statutory presumption that appellant's accident was substantially occasioned by the use of alcohol, and that the testimony presented by appellant was not sufficient to rebut the presumption.

Appellant questions the method by which "presence" may be established, and contends that when the provisions of Ark. Code Ann. § 11-9-102(B)(iv) are read together there is a requirement that the presence of alcohol in the employee's body be determined by reasonable and responsible testing performed by trained medical or law enforcement personnel. Appellee counters that the smell of alcohol is sufficient to trigger the statutory presumption of the presence of alcohol.

A cardinal rule of statutory construction is to give effect to the intent of the legislature. *ERC Contractor Yard Sales v. Robertson*, 335 Ark. 63, 977 S.W.2d 212 (1998). The well-established approach for determining the intent of the legislature is to look first at the plain language of the statute and, giving the words their plain and ordinary meaning, construe the statute just as it reads. *Vanderpool v. Fidelity & Cas. Ins. Co.*, 327 Ark. 407, 939 S.W.2d 280 (1997). If the language of the statute is not ambiguous and plainly states the intent of the legislature, then we will look no further. *Id.*

Arkansas Code Annotated section 11-9-102(5)(B)(iv) provides that the "presence" of an illegal drug in the claimant's system triggers a mandatory rebuttable presumption that the claimant's injury was substantially occasioned by the use of alcohol or illegal drugs. *See Ester v. National Home Ctrs., Inc.*, 335 Ark. 356, 981 S.W.2d 91 (1998). However, there is no statutory requirement that a certain quantity of an illegal drug or alcohol be proved in order to show its presence. *ERC Contractor Yard Sales v. Robertson*, 335 Ark. 63, 977 S.W.2d 212 (1998).

Appellee points out that in some cases the appellate courts have found the presence of illegal drugs sufficient to trigger the statutory presumption, where the only evidence of presence was marijuana metabolites. *See Ester, supra. See also Brown v. Alabama Elec. Co.*, 334 Ark. 35, 970 S.W.2d 807 (1998); *Graham v. Turnage Employment Group*, 60 Ark. App. 150, 960 S.W.2d 453 (1998); *Morrilton Manor v. Brimmage*, 58 Ark. App. 252, 952 S.W.2d 170 (1997). However, the presumption of "presence," in the cited cases, resulted from medical testing of the claimant's blood or urine. *Id.*

Although Arkansas Code Annotated section 11-9-102(5)(B)(iv)(c) provides that an employee impliedly consents to

medical testing, we do not read the statute to require that the presence of alcohol may only be proved through medical testing. Rather, we read the statute to establish an injured worker's implied consent to medical testing, much like the implied consent that a motorist by operation of a motor vehicle on a public roadway, gives to chemical, blood, urine, or breath testing for determining the alcohol or controlled-substance content of his or her blood. *See* Ark. Code Ann. § 5-65-202 (Repl. 1997). Moreover, we recognize that in those instances in which there is testimony that a claimant was seen consuming alcohol prior to his accident, had slurred speech, and was unsteady on his feet, such evidence of consumption may be sufficient proof of the "presence" of alcohol in his system to trigger the rebuttable presumption.

■ In the present case, there was no proof presented of the "presence" of alcohol in appellant's system. Although medical personnel testified that there was a "smell" of alcohol about appellant' s breath, we cannot find sufficient proof of "presence" in his system to trigger the presumption. This is particularly so because the evidence presented in this case does not negate the reasonable hypothesis that the "smell" of alcohol recorded by medical personnel may have come from appellant's previous night's drinking; especially in light of appellant's testimony that he drank several beers the night before his accident, that he slept in his clothes and wore the clothes to work the next morning, and that he did not brush his teeth prior to departing for work.

The Commission's decision is reversed, and this matter is remanded to the Commission with instructions to award benefits.

Reversed and remanded.

HART, STROUD, and GRIFFEN, JJ., agree.

MEADS, J., concurs.

PITTMAN, JENNINGS, ROAF, JJ., and HAYS, S.J., dissent.

MARGARET MEADS, Judge, concurring. I agree with the result in this case because I do not believe the Workers' Compensation Commission could reasonably conclude that appellant was intoxicated at the time of his injury based on the proof before it. As the majority points out, there were no medical test

results offered into evidence to establish the presence of alcohol in appellant's system. Thus, the presumption created by Ark. Code Ann. § 11-9-102(5)(B)(iv)(b) (Repl. 1996) should not have been raised.

The majority believes Ark. Code Ann. § 11-9-102(5)(B)(iv) does not require medical testing to establish the presence of alcohol. I disagree. In my opinion, whenever a statute allows a presumption to be raised, there should be absolute proof of the facts that create the presumption, because of the significant impact the presumption has on the party's burden of proof. *See ERC Contractor Yard & Sales v. Robertson*, 335 Ark. 63, 977 S.W.2d 212 (1998); *Morrilton Manor v. Brimmage*, 58 Ark. App. 252, 952 S.W.2d 170 (1997). Moreover, in every case previously decided by this court or our supreme court which relies upon this statute, a blood-alcohol or drug-screen test has been administered that established the presence of alcohol or drugs as a fact. *See ERC Contractor Yard & Sales v. Robertson, supra*; *Ester v. National Home Ctrs., Inc.*, 335 Ark. 356, 981 S.W.2d 91 (1998); *Woodall v. Hunnicutt Constr.*, 67 Ark. App. 196, 994 S.W.2d 490, (1999); *Express Human Resources III v. Terry*, 61 Ark. App. 258, 968 S.W.2d 630 (1998); *Continental Express v. Harris*, 61 Ark. App. 198, 965 S.W.2d 811 (1998); *Ester v. National Home Ctrs., Inc.*, 61 Ark. App. 91, 967 S.W.2d 565 (1998); *Graham v. Turnage Employm't Group*, 60 Ark. App. 150, 960 S.W.2d 453 (1998), (*review den.* 334 Ark. 32, 970 S.W.2d 808 (1998)); *Brown v. Alabama Elec. Co.*, 60 Ark. App. 138, 959 S.W.2d 753 (1998), (*review den.* 334 Ark. 35, 970 S.W.2d 807 (1998)); *Morrilton Manor v. Brimmage, supra*; *Jefferson v. Munsey Products, Inc.*, 55 Ark. App. 105, 930 S.W.2d 396 (1996); and *Weaver v. Whitaker Furniture Co.*, 55 Ark. App. 400, 935 S.W.2d 584 (1996).

As our supreme court stated in *ERC Contractor Yard & Sales v. Robertson*,

> [T]he basic fact that will invoke the application of the presumption is the presence of alcohol. The plain language of Ark. Code Ann. § 11-9-102 provides that *once the presence of alcohol is established as a fact*, there is a presumption that any injury or accident was substantially occasioned by the use of alcohol. The statute does not quantify the term "presence." Therefore, alcohol is present whenever any amount of alcohol is revealed, no matter how small.

335 Ark. at 69, 977 S.W.2d at 215 (emphasis added).

Here, the presence of alcohol in claimant's body has not been established as a fact, and the presumption should not have been triggered.

ANDREE LAYTON ROAF, Judge, dissenting. I agree with the prevailing judges' interpretation of Ark. Code Ann. § 11-9-102 (5)(B)(iv) (Repl. 1996), and their conclusion that this statute does not require a test by medical or law enforcement personnel to establish the presence of alcohol in order to trigger the statutory presumption that an injury or accident was substantially occasioned by the use of alcohol. However, I do not agree with their conclusion that there was "no proof presented" of the presence of alcohol in Flowers's system, and, because Flowers also failed to present evidence rebutting the statutory presumption, I would affirm the Commission's finding that Flowers's injuries were not compensable.

Flowers's argument on appeal is that the Commission erred in finding that he was intoxicated at the time of his accident. However, the Commission did not find that Flowers was intoxicated, nor does the statute require such a finding. The Commission instead found that the evidence established the presence of alcohol, and that Flowers failed to rebut the presumption that its use substantially occasioned his accident and injuries. The issue to be addressed by this court is thus whether substantial evidence supports these findings.

When this court reviews workers' compensation cases, it views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and will affirm if those findings are supported by substantial evidence. *Aeroquip, Inc. v. Tilley,* 59 Ark. App. 163, 954 S.W.2d 305 (1997). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue on appeal is not whether this court might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, this court must affirm the Commission's decision. *Id.* It is not the province of the court of appeals to substitute its judgment concerning matters of credibility for that of the Commission. *Williams v. St. Vincent Infirmary,* 59 Ark. App. 148, 954 S.W.2d 302 (1997). It is the function of the Commission to determine the credibility of the witnesses and the weight given to their testimony.

*Whaley v. Hardee's*, 51 Ark. App. 166, 912 S.W.2d 14 (1995). The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *McMillan v. U.S. Motors*, 59 Ark. App. 85, 953 S.W.2d 907 (1997). In *Franklin Collier Farms v. Bullard*, 33 Ark. App. 33, 800 S.W.2d 438 (1990), this court held that circumstantial evidence is competent evidence to support a finding in a workers' compensation case.

Here, there were the chart annotations from the paramedics and the emergency-room nurse documenting that they smelled alcohol on Flowers. There was also the circumstantial evidence of the empty beer cans found on the site and the fact that Flowers had previously brought alcohol to the job. Hospital records indicate that Flowers stated that he drank about a twelve-pack or six-pack every day. Finally, Flowers admitted to consuming six to eight beers just hours before his 9:00 a.m. accident. Although Flowers claimed to have stopped drinking at around 11:00 p.m. on the previous evening and attributed the smell of alcohol to his failure to brush his teeth that morning, it is well settled that the Commission is not required to believe this portion of his testimony. Moreover, the presumption is triggered by any amount of alcohol, so it is irrelevant whether or not the quantity was sufficient to intoxicate Flowers. *See, e.g., Continental Express v. Harris,* 61 Ark. App. 198, 965 S.W.2d 811 (1998).

As to whether Flowers rebutted the presumption, as he must when the presence of a proscribed substance has been shown, the evidence that he presented on this issue was so sparse as to make it all but inevitable that the Commission would find that he did not meet his burden. Neither of the two co-workers who were present at the site when Flowers fell, and who later accompanied him to the hospital, testified on his behalf. Flowers instead relied exclusively on his own testimony, which in essence stated that he lost his balance and fell while he was trying, unaided, to position a two-foot by twelve-foot plank on a pump jack, while he stood on another plank some twenty-four feet above the ground. Losing one's balance is simply not so inconsistent with intoxication as to compel the Commission, or this court on review, to conclude that the accident was not substantially occasioned by the presence of alcohol. *Cf. ERC Contractor Yard & Sales v. Robertson,* 335 Ark. 63, 977 S.W.2d 212 (1998); *Continental Express, supra.*

Because there is substantial direct and circumstantial evidence to support the Commission's decision, I cannot say that reasonable minds could not reach the Commission's conclusions, and I would affirm.

PITTMAN and JENNINGS, JJ., and HAYS, S.J., joins in this dissent.